```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF MINNESOTA
                      Civil No. 08-5990(DSD/SRN)
```

First Premier Capital, LLC,

       Plaintiff,

v.                                               **ORDER**

Larry R. Miller,

       Defendant.

      John Harper III, Esq. and Messerli & Kramer, P.A., 1400
      Fifth Street Towers, 100 South Fifth Street, Minneapolis,
      MN 55402, counsel for plaintiff.

      John N. Bisanz, Jr., Joseph T. Dixon, Jr. and Henson &
      Efron, P.A., 220 South Sixth Street, Suite 1800,
      Minneapolis, MN 55402, counsel for defendant.


This matter is before the court on the motion of plaintiff First Premier Capital, LLC[1] ("First Premier") for summary judgment. After a review of the file, record and proceedings herein, and for the following reasons, the court grants First Premier's motion in part.

**BACKGROUND**

This contract dispute arises out of an October 25, 2007, lease agreement between First Premier and Sonora Environmental, LLC

---

[1] First Premier is a Minnesota limited liability company with its principal place of business in Minnesota. (Compl. ¶ 1.) First Premier leases equipment for the manufacturing, distribution, retail, technology and healthcare industries. (Kelly Aff. ¶ 2.)

("Sonora"). Pursuant to the lease agreement and Lease Schedule No. 001, First Premier leased a Thor Telescopic Radial Stacker to Sonora for twelve consecutive quarters commencing January 1, 2008, for $20,682 per quarter. (Kelly Aff. ¶ 6, Ex. 3.) On April 1, 2008, pursuant to the lease agreement and Lease Schedule No. 002, First Premier leased a Vince Hagan Co. Fully Mobile Haganator, Mobile Auxiliary Cement, Ply Ash Silo and Jonel Engineering Enhanced Advantage Batching Controller System to Sonora for thirty-six consecutive months commencing that day for $9,300 per month. (Id. ¶ 7, Ex. 4.)

According to First Premier, contemporaneous to the execution of the lease agreement, defendant Larry R. Miller ("Miller"),[2] entered into a guaranty agreement with First Premier wherein he "absolutely, unconditionally and irrevocably guarantee[d] to [First Premier] the due and punctual payment, observance and performance by [Sonora] of all the obligations and liabilities of [Sonora] under the lease ... upon demand by [First Premier]." (Id. ¶¶ 6-7, Ex. 2.)

On November 13, 2008, First Premier filed a one-count complaint against Miller for breach of contract, alleging that he failed to make payments in accordance with the guaranty agreement. Miller filed a pro se answer on December 5, 2008. On March 24,

---

[2] Miller is a Utah resident and a member of Sonora. (Compl. ¶ 2; Miller Aff. ¶ 1.)

2009, First Premier moved for summary judgment. Miller obtained counsel on April 22, 2009, and the case was stayed on May 4, 2009, pending settlement negotiations. In an August 25, 2009, order, the court granted Miller's motion to untimely file his pleadings in opposition to First Premier's motion for summary judgment. The court now considers First Premier's motion.

**DISCUSSION**

**I. Summary Judgment Standard**

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). A fact is material only when its resolution affects the outcome of the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party. See id. at 252.

On a motion for summary judgment, the court views all evidence and inferences in a light most favorable to the nonmoving party. See id. at 255. The nonmoving party, however, may not rest upon mere denials or allegations in the pleadings but must set forth

specific facts sufficient to raise a genuine issue for trial. See Celotex, 477 U.S. at 324. Moreover, if a plaintiff cannot support each essential element of his claim, the court must grant summary judgment because a complete failure of proof regarding an essential element necessarily renders all other facts immaterial. Id. at 322-23.

**II. Substantive Issues**

As an initial matter, Miller argues that he never signed the guaranty agreement or authorized anyone to sign it on his behalf. (Miller Aff. ¶ 4.) Miller states that he was unaware that his signature appeared on the agreement until he received First Premier's November 13, 2008, complaint. (Id. ¶ 5.) In contrast, First Premier maintains that Miller signed the guaranty agreement. In light of these circumstances, the court determines that a genuine issue of material fact exists as to whether Miller signed the guaranty agreement. See In Re Flight Transp. Corp. Sec., 825 F.2d 1249, 1252-53 (8th Cir. 1987) (question of whether signature was authorized creates genuine issue of fact). Therefore, the court denies First Premier's motion for summary judgment on this discrete issue.

Miller next argues that even if he signed the agreement, summary judgment is not warranted because First Premier never demanded payment from him. (Kelly Aff. Ex. 2.) At the October 9, 2009, hearing, however, First Premier submitted to the court an

October 22, 2008, letter addressed to Miller wherein First Premier requested payment under the guaranty agreement. Therefore, no genuine issue of fact exists as to whether First Premier demanded payment from Miller, and the court grants First Premier's motion for summary judgment on that issue.

Lastly, Miller argues that the court should deny First Premier's motion for summary judgment because the amount outstanding under the lease agreement is unknown. The parties agreed at the October 9, 2009, hearing, however, that the damages in this case could be accurately calculated. Therefore, no genuine issue of material fact exists with regards to damages and summary judgment is warranted on that issue.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED** that:

1. First Premier's motion for summary judgment [Doc. No. 9] is granted in part;

2. A final settlement conference will be held on October 30, 2009, at 10:30 a.m. before Magistrate Judge Susan Richard Nelson at the United States Courthouse, 300 South Fourth Street, Minneapolis, Minnesota, Suite 9E;

3. Pending the results of the settlement conference, this matter is set for trial on November 9, 2009, at 9:00 a.m. before Judge David S. Doty at the United States Courthouse, 300 South Fourth Street, Minneapolis, Minnesota, Courtroom 14 West.

Dated: October 15, 2009

                                              s/David S. Doty
                                              David S. Doty, Judge
                                              United States District Court